[No. 330.  Decided October 20, 1891.]

THE STATE OF WASHINGTON, *on the relation of Albert S.
Cole, County Attorney, Appellant,* v. THE CITY OF NEW
WHATCOM, WILL D. JENKINS, GEORGE COOPER, ELLERY
ROGERS, W. J. SIMONDS, E. FISCHER, N. F. BLOMQUIST,
J. L. QUACKENBUSH, AND MORRIS McCARTY, *Respondents.*

MUNICIPAL CORPORATIONS—CONSOLIDATION—SPECIAL ELECTIONS—CON-
STITUTIONAL LAW—STATUTES—TITLE AND OBJECTS.

The act of March 27, 1890, authorizing cities and towns to con-
solidate, and to hold a special election therefor in each of the cities
or towns proposing consolidation, does not contravene the consti-
tutional provision (art. 11, § 10) requiring the legislature to provide
by general laws for the incorporation, organization and classifica-
tion of cities and towns in proportion to population.

The provisions of the act authorizing the consolidation of munic-
ipal corporations by holding special elections therefor are within
the title of the "act providing for the organization, classification,
incorporation and government of municipal corporations."

The act of March 27, 1890, authorizing the consolidation of munic-
ipal corporations, applies to those created by special charter as
well as to those organized under general incorporation laws.

*Appeal from Superior Court, Whatcom County.*

Information in the nature of *quo warranto* by the prose-
cuting attorney of Whatcom county against the city of
New Whatcom, and its mayor and councilmen, praying
that said mayor and city council be forever excluded from
exercising the privileges and franchises as officers of said
corporation, and that the city of New Whatcom be adjudged
not a municipal corporation duly and regularly organized
under the laws of this state, and that said city be adjudged
to be usurping franchises and privileges of a municipal cor-
poration. A demurrer, on the ground that the information
does not state facts sufficient to constitute a cause of action,
was interposed and sustained by the court. The relator
electing to stand upon the information, an order and judg-

ment of dismissal was entered by the court, from which judgment relator appeals.

*Fairchild & Rawson,* and *Harris, Black & Leaming,* for appellant.

*Dorr & Finch, Rittenhouse & Ivy, Bruce & Brown,* and *Hadley & Hadley,* for respondents:

The constitutional provision that "no act shall embrace more than one subject, to be expressed in the title," is accomplished when the title is comprehensive enough to reasonably include as falling within that general subject, and as subordinate branches thereof, the several objects which the statute assumes to affect. *Potwin v. Johnson,* 108 Ill. 70; *King County v. Davies,* 1 Wash. 290; *Yesler v. Seattle,* 1 Wash. 308; *Guild v. City of Chicago,* 82 Ill. 472; *Neifing v. Town of Pontiac,* 56 Ill. 172; *O'Leary v. County of Cook,* 28 Ill. 534; *Sun Mut. Ins. Co. v. City of New York,* 8 N. Y. 241; *Davies v. City of Los Angeles,* 86 Cal. 37; *Brewster v. City of Syracuse,* 19 N. Y. 116; *Loan & Trust Co. v. Beebe,* 40 Minn. 7; *Washburn v. Shawnee County,* 37 Kan. 217; Cooley, Const. Lim. 173, *et seq.*

The opinion of the court was delivered by

Stiles, J.—The issue in this case make the existence of the city of New Whatcom, Whatcom county, depend upon our answer to the following questions: (1) Must the vote of the electors of two municipal corporations, which propose to consolidate under the provisions of § 10 of the act of March 27, 1890 (Acts, p. 138), be taken at a general election in accordance with the second clause of article 11, § 10 of the constitution, or may it be taken at a special election, as permitted by the act?    (2) Is the subject-matter of § 10 within the title of the act referred to, viz., "An act providing for the organization, classification, incorporation and

government of municipal corporations?" (3) Does § 10 apply to municipal corporations organized under general incorporation laws, or to other corporations created by special charter, as well as those first mentioned? The city of Whatcom was a municipal corporation created by special act of the territorial legislature (Acts 1883, p. 137). In July, 1888, the inhabitants of certain territory adjacent to the city of Whatcom sought to incorporate that territory into a municipality by the name of the city of Sehome, under the invalid act of February 2, 1888. In April, 1890, the inhabitants of Sehome and certain adjacent territory caused the formation of a corporation under provisions of the act of March 27, 1890, and § 6 thereof, under the name of the city of New Whatcom, they correctly interpreting the decision of this court in *Territory v. Stewart,* 1 Wash. 98, and treating the attempted incorporation of the city of Sehome as wholly void. In December, 1890, the cities of Whatcom and New Whatcom took measures under the act of March 27, 1890, which, according to the agreement of the parties to this action, were regular in form, with the exception hereafter noted, and which resulted in the consolidation of the two cities under the corporate name of the city of New Whatcom. The exception noted above is that the election held on the question of consolidation was a special election, which the appellant claims was not authorized by the constitution. The labors of counsel have furnished us with elaborate arguments on both sides, and we might indulge in lengthy discussion on all the points of disagreement; but in our view the grounds of decision are really few and simple.

With regard to the first point, it is to be remarked that the constitution (article 11, § 10) merely limits the legislature in its dealing with municipal corporations to a system of general laws applicable to all, instead of the system of no system through special laws theretofore prevalent; and it

does not even permit existing special charters to be further made special and peculiar by amendment, unless the amendments are general so as to affect an entire class; but to encourage uniformity, it provides that existing cities and towns may, without legislative compulsion, drop their special charters and take up the organization of their respective classes under such general laws as may be enacted. To do this is in no sense to destroy or disincorporate a city or town. The territory covered is to be the same. The name is continued and the people are identical. But when two existing corporations are to be consolidated, the preliminary thing to be accomplished is the disincorporation of the old, and then follows the incorporation of a new, municipality, in which there must be new territory, a new name (at least as to a part of the territory), and new people. This operation must, under the constitution, undoubtedly be conducted under general laws, but it is not the operation contemplated by the second clause of § 10, art. 11, and may be accomplished by either a general or a special election, as the legislature may direct. The act in question having provided for a special election in each of the cities or towns proposing to consolidate, such an election we hold to be sufficient.

On the second point we are equally clear. What is effected in the consolidation of two cities is finally incorporation, which is the generic subject of this act. Preliminary to this in this case was the disincorporation of both cities; but the object to be attained was not the disincorporation or the re-incorporation of either, but the incorporation of both as one. The title of an act is not intended to be a glossary of its contents, nor is the constitutional provision with regard to titles meant to provide an index to the statutes. The real object of such provisions is to prevent surreptitious legislation on matters which are not germane to the declared object of an act as expressed in its title;

and certainly no one could have been surprised that the consolidation of cities should be included in an act having so comprehensive a title as this.   As well might it be contended that because one provision of the constitution prohibits the legislature from passing any special law "for incorporating any town or village, or to amend the charter thereof" (art. 2, § 28), and another says that "corporations for municipal purposes shall not be created by special laws" (art. 11, § 10), while there is no mention of disincorporation, therefore the legislature would be free by a special law to disincorporate any city in the state—a proposition which would not now be conceded.

Upon the third point we see no room for argument even. There is not a word going to show any intention to bar preëxisting municipal corporations from the privileges of § 10; and, had there been, query whether their exclusion might not have been unconstitutional.   However, the clause of the section making the provisions of §§ 5 and 6 of the act apply to the new corporation and the officers thereof, is urged as rendering it impracticable to unite corporations, one of which was created by special charter.   But we can see no difficulty which would be likely to arise upon the union of two such corporations that would not appear with equal force upon the consolidation of two entirely new cities, incorporated under the provisions of this same act, especially should they belong to different classes; and they, if any, would be difficulties of administration merely, with which this inquiry has no concern.

Having found upon all the issues raised for the respondents, the judgment of the superior court is affirmed.

ANDERS, C. J., and HOYT, DUNBAR and SCOTT, JJ., concur.