[No. 10695.  *En Banc.*  October 15, 1912.]

## Soren Sorenson *et al., Appellants,* v. Kittitas Reclamation District *et al., Respondents.*[1]

Statutes—Subjects and Titles—Amendments—Enumeration of Sections Amended. The title of an act to amend an act providing for the organization and government of irrigation districts and the sale of bonds arising therefrom, the same being sections............ (specifying certain sections amended) sufficiently expresses the subject of the act without such enumeration of the amended sections, which may be treated as surplusage; hence the amendment of another section not specified in the title of the amendatory act is not void as not embraced within the title of the act, as required by Const., art. 2, § 19.

Appeal from a judgment of the superior court for Kittitas county, Kauffman, J., entered September 5, 1912, in favor of the defendants, after a trial before the court, dismissing an action for an injunction. Affirmed.

*F. A. Kern,* for appellants.

*Bogle, Graves, Merritt & Bogle,* for respondents.

Main, J.—This action was brought by the plaintiffs for the purpose of enjoining the defendants from the issuing and selling of bonds of the Kittitas Reclamation District. The facts are not in dispute. The appellants, who are husband and wife, are the owners of land within the boundaries of the Kittitas Reclamation District, which irrigation district was organized and exists under an act of the legislature of the state of Washington approved March 20, 1890, and entitled: "An Act providing for the organization and government of irrigating districts, and the sale of bonds arising therefrom, and declaring an emergency," and acts amendatory thereof. Laws 1889-90, p. 671. The act of March 20, 1890, was amended by an act of the legislature approved March 22, 1895, which was entitled: "An Act to amend an

[1]Reported in 127 Pac. 102.

act providing for the organization and government of irrigation districts and the sale of bonds arising therefrom, and declaring an emergency, the same being sections 1, 2, 4, 10, 16, 17, 18, 19, 20, 22, 24, 25, 26, 27, 28, 29, 30, 31, 33, 34, 35, 36, 38, 39, 40, 42, 59 and 70, approved March 20th, 1890, and declaring an emergency." Laws 1895, p. 432, Rem. & Bal. Code, §§ 6416-6494. Section 15 of the original act specifies that the bonds to be issued thereunder shall be installment bonds, and determines the time and manner of their payment. Section 5 of the amendatory act amends § 15 of the original act by setting forth at full length the section as amended, and provides that the bonds issued thereunder shall be payable in series, the duration of the bonds being less than that specified in § 15 of the original act. By examination of the title of the amendatory act, it will be observed that § 15 of the original act is not one of the sections specifically specified therein as being amended. These facts present the question whether or not the title of the amendatory act is sufficient to include the subject-matter of § 5 thereof. The trial below resulted in a judgment denying the prayer of the complaint and dismissing the action, from which judgment the case is here on appeal.

In § 19 of art. 2 of the constitution of this state it is provided that: "No bill shall embrace more than one subject, and that shall be expressed in the title." This constitutional provision does not require the title of an act to be an index of its provisions; but the title is sufficient if it gives such notice of its object as to reasonably lead to an inquiry into its body. *Seattle v. Barto*, 31 Wash. 141, 71 Pac. 735.

"The purpose of the title is only to call attention to the subject-matter of the act, and the act itself must be looked to for a full description of the powers conferred." *Lancey v. King County*, 15 Wash. 9, 45 Pac. 645, 34 L. R. A. 817.

Is the title of the act in question thus specific? In *State v. Bankers' and Merchants' Mut. Benefit Assn.*, 23 Kan. 499, the court was considering an amendatory act entitled: "An

act to amend sections 2, 4, 17, 41, and 59 of an act entitled,"
etc., giving the title of the original act. In the body of the
amendatory act § 78 of the original act was amended, and
it was there held that § 78, not being one of the five sections
specified in the title, was beyond its scope. In *State ex rel.
Matson v. Superior Court*, 42 Wash. 491, 85 Pac. 264, this
court considered an amendatory act entitled: "An act to
amend sections 3, 9, and 24 of an act entitled," setting out
the title of the original act. In the body of the amendatory
act, § 5 of the original act was sought to be amended, and
the court there held that, § 5 not being one of the enumerated
sections in the title of the amendatory act, its attempted
amendment was unconstitutional. These are the only two
cases cited in the appellants' brief on the question presented,
and they are relied on as supporting the contention that the
failure to specify in the title of the amendatory act of March
22, 1895, § 15 of the original act renders such attempted
amendment of § 15 unconstitutional.

But we think these cases are clearly distinguishable from
the instant case. In both of these cases the acts in question
were entitled acts to amend certain sections of previous acts
of the legislature, specifying the sections, while the act of
the legislature we are now considering is entitled, not an act
to amend certain sections of an act, but "An Act to amend
an act providing for the organization and government of
irrigation districts and the sale of bonds arising therefrom,
and declaring an emergency, the same being sections," then
setting out the sections. There is a distinction between the
title of an act entitled, "An Act to amend an act," etc., and
the title of an act of the legislature entitled an act to amend
certain specified sections of the original act. The constitu-
tion nowhere provides that the section of an act sought to be
amended shall be indicated. It requires that the act revised
or the section amended shall be set forth at full length in the
amendatory act. Constitution, art. 11, § 37.

The enumeration of the sections in the title of the act of March 22, 1895, under the designation, "the same being sections 1, 2," etc., was unnecessary, as the title without such enumeration was sufficient to satisfy the constitutional requirement that the subject of the act shall be expressed in the title; and the fact that § 15 was not specified in the title of the amendatory act of March 22, 1895, would not render the amended section five unconstitutional: and void. The subject-matter of § 5 of the amendatory act is the same as the subject-matter of § 15 of the original act. The title of the amendatory act, eliminating the enumeration of the numbers of the sections therefrom, is the same as the title of the original act. The enumeration of the numbers of the sections in the title of the amendatory act is unnecessary and may be treated as surplusage. *Otis v. People ex rel. Raymond*, 196 Ill. 542, 63 N. E. 1053; *State ex rel. Wolfe v. Parmenter*, 50 Wash. 164, 96 Pac. 1047, 19 L. R. A. (N. S.) 707; 36 Cyc. 1058.

In *Otis v. People, supra*, the supreme court of Illinois was considering the title of an act wherein the title specified that § 202 of art. 8 of a certain act was to be amended, giving the title of the original act. The original act contained no § 202, but § 122 was the section which evidently was intended to be amended. The court, in holding that the title was sufficient, used this language:

"We think the number 202, as used in the various amendments of said section 1 of article 8 of the act of 1898, may be regarded as surplusage, and as wholly immaterial in determining whether the act of April 21, 1899, amending section 1 of article 8 of chapter 122, is now in force. The constitution nowhere provides that the section of an act sought to be amended shall be indicated. It requires that the subject-matter of the act sought to be amended shall be expressed in the title of the amendatory act and that the section amended shall be inserted at length in the new act. In the amendatory act of April 21, 1899, both of these constitutional provisions are fully complied with. The subject-

matter of the act sought to be amended is fully stated in the title, and the section sought to be amended is inserted at length in the new act."

In *State ex rel. Wolfe v. Parmenter, supra*, this court was considering the sufficiency of the title of an amendatory act, entitled: "An act amending an act entitled 'An act to amend section 3 of chapter 83 of the laws of 1897, relating to revenue and taxation. . . . '" Section 3 of chapter 83 of the Laws of 1897 does not refer to revenue and taxation, but refers to monuments and notices upon mining claims. The body of the amendatory act treats of the subject of revenue and taxation, and the court, in holding that the title was sufficient under art. 2, § 19, of the constitution, used this language:

"We think the erroneous reference to the former statute must be treated as mere surplusage, and inasmuch as without that part of the title there is a clearly stated and single subject which is followed by a clear treatment of that subject in the act itself, the statute becomes an independent one and has the effect of amending any existing statute upon the subject and of repealing by implication any previously existing provisions in conflict with it. We therefore hold that the act is not invalid by reason of its title."

We therefore conclude that the judgment of the trial court was right and should be affirmed.

ALL CONCUR.