[No. 32075. *En Banc.* October 16, 1952.]

GEORGE W. ROURKE et al., *Respondents*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES et al., *Appellants.*[1]

[1]Reported in 249 P. (2d) 236.

 

*The Attorney General* and *Fred L. Harlocker, Assistant,* for appellants.

*Elliott, Lee & Thomas* and *Edwards E. Merges,* for respondents.

OLSON, J.—In this action, plaintiffs seek a judgment declaring an act of the legislature unconstitutional and enjoining defendants from enforcing its provisions.

Defendants' general demurrer to the complaint was overruled, and, when they declined to plead further, they were adjudged to be in default. Upon evidence introduced by plaintiffs, the court made and entered findings of fact, conclusions of law, and judgment granting the prayer of the complaint. Defendants appealed.

The only question before us is the constitutionality of chapter 246, p. 769, Laws of 1951 (RCW 51.12.015), which we quote, including the title:

"AN ACT declaring work performed by maintenance and service employees in stores, buildings and establishments to be extrahazardous; and providing for compensation in case of injuries.

"*Be it enacted by the Legislature of the State of Washington:*

"Section 1. The work performed by maintenance and service employees in stores, buildings and establishments is hereby declared to be extrahazardous within the meaning of the workmen's compensation law, and the firms operating said stores, buildings and establishments, as employers, and the maintenance and service employees, as employees, shall be subject to all the provisions of law relating to contributions and to the compensation and medical and sur-

gical care of injured workmen and entitled to all the benefits thereof: *Provided,* That churches and educational institutions are specifically excluded from the provisions of this act."

Art. II, § 19, of the state constitution, provides:

"No bill shall embrace more than one subject, and that shall be expressed in the title."

Whether or not this act violates this constitutional mandate, is determined by the application of rules stated in many of our decisions. See *State ex rel. Washington Toll Bridge Authority v. Yelle,* 32 Wn. (2d) 13, 200 P. (2d) 467 (1948), *Gruen v. State Tax Commission,* 35 Wn. (2d) 1, 211 P. (2d) 651 (1949), and cases cited.

The purposes of the constitutional provision are to protect and enlighten members of the legislature, to apprise the people generally concerning the subjects of legislation being considered, and "to prevent hodge-podge or log-rolling legislation." *State ex rel. Washington Toll Bridge Authority v. Yelle, supra,* p. 24.

The title of an act need not be an index to the contents of the enactment or express in detail every phase of the subject dealt with in the act, but it is sufficient if the title gives such notice as should reasonably lead to an inquiry into the body of the act itself, or indicates, to an inquiring mind, the scope and purpose of the law. *State ex rel. Washington Toll Bridge Authority v. Yelle, supra,* pp. 25, 26.

A title may be general or restrictive, that is, it may be either broad and comprehensive and cover all legislation germane to the general subject stated, or it may be one in which a particular part or branch of the subject is carved out and selected as the subject of the legislation. *Gruen v. State Tax Commission, supra,* pp. 22, 23. A restrictive title is not regarded as liberally as is a general one, and provisions of the bill which it does not fairly embrace cannot be given force. *Gruen v. State Tax Commission, supra,* p. 21.

By these rules, we conclude that the title of the questioned act is restrictive, and does not comply with the

second clause of the constitutional mandate because it (1) does not give notice that certain firms, as employers, are affected by the act, but refers only to employees; (2) contains no reference to medical and surgical care, but only to compensation; (3) does not mention charitable institutions, but the body of the act mentions and excludes churches and educational institutions from its provisions; (4) is silent regarding the workmen's compensation law and does not indicate that amendment of that law is intended, yet the act itself refers to that law for construction of the word "extrahazardous" and for the determination of contributions and benefits, and purports to extend the coverage of that law.

It is possible that noncompliance with the quoted constitutional provision may not render an entire act invalid. See *Swedish Hospital v. Department of Labor & Industries*, 26 Wn. (2d) 819, 832, 176 P. (2d) 429 (1947). We do not determine that possibility regarding this act, but will dispose of it by consideration of plaintiffs' contention that the act also violates Art. II, § 37, of the constitution, which provides in part that an "act revised or the section amended shall be set forth at full length."

This provision must receive a reasonable interpretation, and certain acts, designated as reference statutes, do not come within its restriction. But this act is not a reference statute. *Gruen v. State Tax Commission, supra,* pp. 24, 25, 26, and cases cited. It does not refer to and adopt by reference pre-existing statutes and make them applicable to this legislation. It is not complete in itself in every detail. A person of ordinary intelligence can well mistake its meaning, and we cannot know what the legislature intended, without referring to another act or statute. See *Spokane Grain & Fuel Co. v. Lyttaker,* 59 Wash. 76, 78, 109 Pac. 316 (1910), and *Swedish Hospital v. Department of Labor & Industries, supra,* p. 828.

This provision of the constitution is mandatory and must be obeyed, so that statutes, upon amendment, will express a complete statement of the law as amended. Otherwise, the difficulties in determining the statutory law will not

only be multiplied but will be almost insurmountable. See *State ex rel. Gebhardt v. Superior Court for King County*, 15 Wn. (2d) 673, 685, 693, 131 P. (2d) 943 (1942).

██ The act in question is invalid in its entirety because it amends a former statute, and does not set forth in full the "act revised or the section amended."

The judgment is affirmed.

SCHWELLENBACH, C. J., MALLERY, HILL, HAMLEY, DONWORTH, and WEAVER, JJ., concur.

GRADY, J. (dissenting)—I can agree with the several principles of law set forth in the majority opinion, but do not agree that they apply to the statute under consideration in such a way as to justify a pronouncement that it is unconstitutional. The majority opinion proceeds upon the theory that the enactment amends the workmen's compensation act. It is my view that the act is not amendatory but supplemental, and hence in its enactment the legislature is not governed by the provisions of the constitution relating to the manner of enacting amendatory legislation. All the act does is to provide that the work performed by maintenance and service employees in stores, buildings and establishments is extrahazardous within the meaning of the workmen's compensation law and to require employers to contribute to the industrial insurance fund so that such employees may be compensated and provided for the same as employees covered by the original act and its amendments. It is a complete act on the subject embraced therein. Churches and educational institutions are excluded from the act. It would necessarily follow that if charitable institutions or organizations have employees who perform work in stores, buildings and establishments they are also covered by the act without specifically mentioning them therein.

The question of supplemental legislation which may enlarge or extend the scope of that existing, even though in effect amendatory, is discussed in *Spokane Grain & Fuel Co. v. Lyttaker*, 59 Wash. 76, 109 Pac. 316; *State ex rel. Hunt*

*v. Tausick*, 64 Wash. 69, 116 Pac. 651, 35 L. R. A. (N.S.) 802; *In re Hulet*, 159 Wash. 98, 292 Pac. 430, and cases cited; also notes in 67 A. L. R. 577 and 5 A. L. R. (2d) 1288. These authorities approach the subject upon the theory that the statute is designed to improve an existing statute by adding something thereto without changing the original text, and therefore such statute is to be regarded as a supplemental act and not an amendment. The view is taken that the functions of a statute that is supplementary to a previous statute are to supply deficiencies in the previous statute and to add to, complete or extend that statute without changing or modifying it. It seems to me that was the objective sought by the act now under consideration and that its effect is to extend the coverage of the workmen's compensation act.

I do not find that the title to the act in any way offends Art. II, § 19 of the constitution, which provides: "No bill shall embrace more than one subject, and that shall be expressed in the title." The one subject expressed in the title is compensation for employees who perform work in stores, buildings and establishments. I see no necessity for the mention of employers, because a subject relating to employees necessarily presupposes the existence of employers. It is my opinion that the purposes of the constitutional provision are fully met by the title, and that full protection and enlightenment was afforded the members of the legislature, that the people generally concerned on the subject of legislation were fully apprised thereof, and that the legislation does not fall within the category of what has been termed "hodge-podge or logrolling." The title gives such notice as should reasonably lead to an inquiry into the body of the act itself and indicates to an inquiring mind the scope and purpose of the law. The title, as well as the act itself, is clear, plain and unambiguous. All they purport to do is to extend the coverage of the workmen's compensation act to a class of employees not covered by the original enactment or its amendments.

The legislature might have attained the same objective

by a series of amendments to various sections of the workmen's compensation act, but it was not obliged to use that method. It had the power to award to the employees referred to the benefits of the workmen's compensation act by separate supplementary legislation. To those accustomed to the use of legal verbiage, the chief fault that may be found with the statute and its title is their simplicity and directness.

I am confident that the members of the judiciary committees of the House of Representatives and Senate were familiar with constitutional provisions touching the subjects of titles to acts and the method of enacting laws and carefully avoided any conflict therewith in passing this law, as well as the governor and his legal advisers when he approved the enactment.

Believing the act meets all constitutional requirements, I would reverse the judgment.

FINLEY, J., did not participate.