[No. 37801.   En Banc.   November 24, 1965.]

ROBERT C. TREFFRY et al., Respondents, v. LOUISE TAYLOR et al., Appellants.*

*Reported in 408 P.2d 269.

*The Attorney General, R. Ted Bottiger, Special Assistant,* and *Lloyd W. Peterson, Assistant,* for appellants.

*Reiley & Annis,* by *Eldon H. Reiley* and *Eugene I. Annis,* for respondents.

*Lycette, Diamond & Sylvester and Lyle L. Iversen,* for intervenors.

OTT, J.—This appeal presents a single issue: Does the title to chapter 77, Laws of 1963, p. 476, "An Act providing for the registration of contractors; and prescribing penalties," violate article 2, § 19, of the state constitution, "No bill shall embrace more than one subject, and that shall be expressed in the title"?

The trial court held that the act was unconstitutional for the reason that "The bonding provisions in Section 4 of said law and the insurance provision in Section 5 of The Act are not germane or related to the subject of registration."

The questioned act contains 12 sections. Section 1 defines the term "contractor." Section 2 requires the contractor to procure a certificate of registration from the Department of Licenses before engaging in the contracting business, and provides penalties for violation. Section 3 prescribes the information the contractor must furnish to the department in his application for registration, prior to issuance of the certificate. Section 4, p. 477, provides:

Each applicant shall, at the time of applying for a certificate of registration, file with the director of licenses a surety bond running to the state of Washington if a general contractor, in the sum of two thousand dollars; if a specialty contractor, in the sum of one thousand dollars, conditioned that the applicant will pay all taxes and contributions due to the state of Washington, and will pay all persons furnishing labor or material or renting or supplying equipment to the contractor and will pay all amounts that may be adjudged against the contractor by reason of negligent or improper work or breach of contract in the conduct of the contracting business. Any person having a claim against the contractor for any of the items referred to in this section may bring suit upon such bond in the superior court of the county in which the work is done or of any county in which jurisdiction of the contractor may be had. A copy of the complaint shall be served by registered or certified mail upon the director of licenses at the time suit is started and the director shall maintain a record, available for public inspection, of all suits so commenced. Such service shall constitute service on the surety and the director shall transmit the complaint or a copy thereof to the surety within forty-eight hours after it shall have been received. The surety upon the bond shall not be liable in an aggregate amount in excess of the amount named in the bond, but in case claims pending at any one time exceed the amount of the bond, claims shall be satisfied from the bond in the following order:

(1) Labor, including employee benefits;

(2) Taxes and contributions due the state of Washington;

(3) Material and equipment;

(4) Claims for breach of contract.

In the event that any final judgment shall impair the liability of the surety upon the bond so furnished that there shall not be in effect a·bond undertaking in the full amount prescribed in this section, the director shall suspend the registration of such contractor until the bond liability in the required amount unimpaired by unsatisfied judgment claims shall have been furnished.

In lieu of the surety bond required by this section the contractor may file with the director a cash deposit or other negotiable security acceptable to the director.

In the event of a judgment being entered against such deposit, the director of licenses shall upon receipt of a certified copy of a final judgment, pay from the amount of the deposit said judgment.

Section 5, p. 479, provides:

At the time of registration the applicant shall furnish to the director satisfactory evidence that the applicant has procured and has in effect public liability and property damage insurance covering the applicant's contracting operations in the sum of not less than twenty thousand dollars for injury or damage to property and fifty thousand dollars for injury or damage including death to any one person and one hundred thousand dollars for injury or damage including death to more than one person.

In the event that such insurance shall cease to be effective the registration of the contractor shall be suspended until such insurance shall be reinstated.

Section 6 authorizes the Director of Licenses to issue a certificate for one year upon compliance with the provisions of the act. Section 7 prescribes the fees to be paid for registration. Section 8 requires a certificate of registration as a prerequisite to commencing an action in any court to recover for the performance of work as a contractor. Sections 9 and 10 grant certain exemptions. Section 11 is the severability clause, and § 12 declares the effective date of the act.

In adjudicating the sufficiency of the title to a legislative enactment, we have adhered to the following general rules:

■ The title to a bill need not be an index to its contents; nor is the title expected to give the details contained in the bill. *Gruen v. State Tax Comm'n*, 35 Wn.2d 1, 211 P.2d 651 (1949); *Cory v. Nethery*, 19 Wn.2d 326, 142 P.2d 488 (1943); *Sorenson v. Kittitas Reclamation Dist.*, 70 Wash. 528, 127 Pac. 102 (1912); *State ex rel. Zent v. Nichols*, 50 Wash. 508, 97 Pac. 728 (1908); *State ex rel. Cole v. City of New Whatcom*, 3 Wash. 7, 27 Pac. 1020 (1891).

When the words in a title can be given two interpretations, one of which renders the act unconstitutional and the other constitutional, we adopt the constitutional interpretation and sustain the constitutionality of the act. *Martin v. Aleinikoff*, 63 Wn.2d 842, 389 P.2d 422 (1964); *State ex rel. Dawes v. Highway Comm'n*, 63 Wn.2d 34, 385 P.2d 376 (1963); *Engen v. Arnold*, 61 Wn.2d 641, 379 P.2d 990 (1963); *Yelle v. Bishop*, 55 Wn.2d 286, 347 P.2d 1081 (1959); *Hammack v. Monroe Street Lumber Co.*, 54 Wn.2d 224, 339 P.2d 684 (1959).

The test of the sufficiency of a title is that it must give notice of its object so as reasonably to lead to an inquiry into its contents. *Rourke v. Department of Labor & Indus.*, 41 Wn.2d 310, 249 P.2d 236 (1952); *Cory v. Nethery, supra*; *Sorenson v. Kittitas Reclamation Dist., supra*. The title to an act may be general, and all matters incidental or germane thereto may be written into the body of the law. *Gruen v. State Tax Comm'n, supra*; *In re Peterson's Estate*, 182 Wash. 29, 45 P.2d 45 (1935); *National Ass'n of Creditors, Inc. v. Brown*, 147 Wash. 1, 264 Pac. 1005 (1928), and case cited.

The crucial words in the questioned title are "contractors," "registration," and "penalties." Are these words sufficient notice of the object of the act so as reasonably to lead to further inquiry into the contents of the act? If so, the title meets the test of sufficiency.

■ Upon reading the title to this act, a contractor engaged in business in the state of Washington would be led to inquire whether his business was within the purview of the regulatory measure. The first section of the act would

give him the answer. If his business required that he register, he would then reasonably seek further information from the act to determine whether he qualified for a certificate of registration. Section 4, *supra,* would put him on notice that, in order to qualify and be issued a certificate of registration, he would be required to furnish a surety bond to the state for the payment of the obligations enumerated in § 4. Section 5, *supra,* would put him on notice that a public liability and property damage insurance policy is required.

Every legislative enactment requiring registration is an exercise of the legislature's police power, and is, by its nature, regulatory of the subject matter. The word "registration" encompasses all regulatory provisions which the legislature enacts, in the proper exercise of its police power.

We conclude that the title to chapter 77, Laws of 1963, gave sufficient notice of the object of the act so as reasonably to lead to further inquiry into the contents of the act, and thus meets the test of sufficiency.

Does the act embrace more than one subject?

Since regulation is inherent in every legislative enactment requiring registration, all matters incidental and germane to registration may be written in the body of the law. In the instant case, the legislature, in the proper exercise of its discretion, has required that, as a condition precedent to the issuance of a certificate of registration, the applicant is required to establish his financial responsibility. This requirement, although regulative in nature, is germane to the subject of registration.

We hold that the requirement of establishing financial responsibility does not introduce another subject, and that chapter 77, Laws of 1963, does not embrace more than one subject.

The respondents contend that, although the trial court held the act unconstitutional because of a defective title, the trial court's judgment can be sustained upon any other constitutional ground within the pleadings and the proof.

Respondents' pleadings further alleged that the act is unconstitutional because (1) it is violative of the due

process and equal protection clauses of the federal and state constitutions in that the bond or financial responsibility requirement is unreasonable and confiscatory, the act is discriminatory and creates arbitrary classifications, and requires registration as a condition precedent to maintaining an action predicated upon a construction contract, and (2) that the provisions of the act, taken as a whole, constitute imprisonment for debt in violation of art. 1, § 17, of the state constitution.

Although these constitutional issues were presented to the trial court, the court did not predicate its judgment upon any of these alleged constitutional violations. We must assume that the trial court found them to be without merit.

A legislative enactment requiring the registration of contractors is an exercise of the police power of the state. *Clark v. Dwyer*, 56 Wn.2d 425, 353 P.2d 941 (1960); *Parrott & Co. v. Benson*, 114 Wash. 117, 194 Pac. 986 (1921); *State v. Seattle Taxicab & Transfer Co.*, 90 Wash. 416, 156 Pac. 837 (1916); *State v. Bowen & Co.*, 86 Wash. 23, 149 Pac. 330 (1915).

The exercise of police power by the legislature is an attribute of sovereignty. It is an essential element of the power to govern. The only limitation upon the exercise of this sovereign power by a legislative body is that the questioned enactment must reasonably tend to correct some evil or promote some public interest, and that it must not be violative of any positive mandate of the constitution. *Clark v. Dwyer, supra*, at 432, and case cited.

One who attacks the classification provisions of a legislative enactment has the burden of establishing that the classification is manifestly arbitrary, unreasonable, inequitable, and unjust. *State v. Persinger*, 62 Wn.2d 362, 368, 382 P.2d 497 (1963), and cases cited. To require the furnishing of a bond to insure compliance with the law is a reasonable exercise of police power. *Clark v. Dwyer, supra*; *State ex rel. Milwaukee Grain Elevator Co. v. Robinson*, 186 Wash. 557, 59 P.2d 365 (1936); *State v. Seattle Taxicab & Transfer Co., supra*; *State v. Bowen & Co., supra*; *Fer-*

*guson-Hendrix Co. v. Fidelity & Deposit Co. of Maryland,* 79 Wash. 528, 140 Pac. 700 (1914); *State ex rel. Davis-Smith Co. v. Clausen,* 65 Wash. 156, 117 Pac. 1101 (1911).

The wisdom, necessity or expediency of a legislative enactment is not subject to judicial review. *Port of Tacoma v. Parosa,* 52 Wn.2d 181, 324 P.2d 438 (1958); *Bulette v. Bremerton,* 34 Wn.2d 834, 210 P.2d 408 (1949); *Gazzam v. Building Serv. Employees Int'l Union, Local 262,* 29 Wn.2d 488, 188 P.2d 97 (1947); *State ex rel. Govan v. Clausen,* 108 Wash. 133, 183 Pac. 115 (1919).

■ The imposition of a fine or imprisonment for violation of a legislative enactment is not imprisonment for debt, but a statutory penalty imposed upon any person who shall knowingly and intentionally violate a lawful mandate of the legislature. *Decker v. Decker,* 52 Wn.2d 456, 326 P.2d 332 (1958); *Austin v. Seattle,* 176 Wash. 654, 30 P.2d 646, 93 A.L.R. 203 (1934); *State v. Seattle Taxicab & Transfer Co., supra.*

Applying the above rules to chapter 77, Laws of 1963, we hold that the standards fixed by the legislature for the registration of contractors and the classifications prescribed by the act do not violate any of the constitutional mandates relied upon by respondents.

The judgment of the trial court is reversed, and the cause remanded with instructions to enter judgment in accordance with the views herein expressed.

FINLEY, WEAVER, HUNTER, HAMILTON, and HALE, JJ., concur.

HILL, J., concurs in the result.

DONWORTH, J. (dissenting)—My reasons for disagreeing with the holding of the majority that the title of chapter 77, Laws of 1963, is adequate in the face of art. 2, § 19, of our constitution (which requires that the subject of a legislative bill shall be expressed in its title) may be briefly stated.

The past and present legislative history of statutes and bills regulating and licensing various occupations and busi-

nesses convinces me that the title of the 1963 act violates the constitutional provision referred to above.

This act is the *first* (and only) time the legislature has used the word "registration" in the title of an act to describe regulation and licensing of an occupation or business. The appendix attached to this dissent cites the 14 prior acts and their titles. As we were advised by counsel during oral argument, the legislature has recognized the difference between the words "registration" and "regulation" by its action in the 1965 extraordinary session when legislation amending RCW 18.27.010-100 (Laws of 1963, ch. 77) was introduced in the House of Representatives (House Bill No. 292) with an *amended title,* reading as follows:

> AN ACT Relating to the regulation of contractors; prescribing penalties; and repealing chapter 77, Laws of 1963 and RCW 18.27.010 through 18.27.100.

As this court stated in *In re Bale,* 63 Wn.2d 83, 89, 385 P.2d 545 (1963):

> (. . . Assuming it to be true . . . that these bills never came to a vote before the entire legislature, the fact that they were introduced and referred to committees has some probative value relative to the legislature's intent.)

The bill which was originally introduced was a re-enactment of chapter 77, Laws of 1963, with a new title, in which the word "registration" was changed to read "regulation."

The House passed the bill after considerable amendment activity pertaining mainly to the inclusion or exclusion of sections 4 and 5. Not once did the House consider using the word "registration" in the title of the amendatory act, even when the House Committee on Licenses *removed* sections 4 (requiring a bond) and 5 (requiring the public liability insurance), and advised passage without those provisions. The House itself recognized that what the bill contemplates is not mere "registration" but "regulation."

House Bill No. 292 passed the House without section 4 (requiring the bond) but with section 5 (requiring the public liability insurance). The bill was sent to the Senate, where

its consideration was indefinitely postponed on May 7, 1965, the last day of the extraordinary session.

This history is *relevant* because the legislature has, in effect, demonstrated that it recognizes that there is a significant difference in the meaning of "registration" and "regulation" to legislators, once the error is called to its attention. Whatever the cause of the failure of the Senate to act on the bill, there is nothing in the record of the legislature to indicate that such inaction was in any manner related to the replacement of the word "registration" with "regulation" by the House so as to correct the title of the act. It is clear that the House, and probably the Senate, entertained the belief that the present title is inadequate to cover all the provisions of the 1963 act, as required by art. 2, § 19. However, the majority opinion appears to ignore this past and present legislative history and holds that these two words are legally synonymous, although they are not synonymous according to either the dictionary or the legislative usage. I, therefore, feel compelled to discuss the merits of the issue of whether "registration" means the same as "regulation."

The purpose of Const. art. 2, § 19, has been stated and restated by this court. The latest expression is in *Young Men's Christian Ass'n v. State*, 62 Wn.2d 504, 506, 383 P.2d 497 (1963):

> The purposes of this constitutional mandate are: (1) to protect and enlighten the members of the legislature against provisions in bills of which the titles give no intimation; (2) to apprise the people, through such publication of legislative proceedings as is usually made, concerning the subjects of legislation that are being considered; and (3) to prevent hodgepodge or logrolling legislation.

Also, see *Miller v. Tacoma*, 61 Wn.2d 374, 378 P.2d 464 (1963), and cases cited, including *Gruen v. State Tax Comm'n*, 35 Wn.2d 1, 211 P.2d 651 (1949), which state precisely the same points. In the *Gruen* case, there is an excellent discussion of the decisions of this court wherein it has held that a title may be restrictive or general. The

rules were succinctly restated by the *Gruen* opinion in 35 Wn.2d at 22, 23, where it was said:

Titles to statutes may be general or restrictive; or, in other words, broad or narrow, since the legislature in each case has the right to determine for itself how comprehensive shall be the object of the statute. And it also has a ' wide discretion in the particularity of the title selected to express it, provided that, by a fair construction, such title complies with the constitutional provision in question.

A general title may be said to be one which is broad and comprehensive, and covers all legislation germane to the general subject stated. It is not an objection that it covers more than the subject of the body of the act, but it must not, in any event, cover less. It is not necessary that it index the details of the act, or give a synopsis of the means by which the object of the statute is to be accomplished. All matters which are germane to the subject may be embraced in one act. Under the true rule of construction, the scope of the general title should be held to embrace any provision of the act, directly or indirectly related to the subject expressed in the title and having a natural connection thereto, and not foreign thereto. Or, the rule may be stated as follows: Where the title of a legislative act expresses a general subject or purpose which is single, all matters which are naturally and reasonably connected with it, and all measures which will, or may, facilitate the accomplishment of the purpose so stated, are properly included in the act and are germane to its title.

On the other hand, a restrictive title is one where a particular part or branch of a subject is carved out and selected as the subject of the legislation. *If the legislature seeks this method, and notwithstanding a general title could have been adopted which would have covered the entire subject and authorized legislation upon the whole of it, the body of the act must be confined to the particular portion of the subject which is expressed in the limited title.* The courts cannot enlarge the scope of the title. They are invested with no dispensing power. The constitution has made the title the conclusive index to the legislative intent as to what shall have operation. It is no answer to say that the title might have been more comprehensive, if, in fact, the legislature has not seen fit to make it so. (Italics mine.)

The major issue on this appeal is whether the title, as worded by the legislature, gives adequate notice of the inclusion of requirements of bonds and insurance in order for the applicant contractor to receive a "certificate of registration." The title reads: "An Act providing for the registration of contractors; and prescribing penalties." The key word in the title with regard to this controversy is "registration."

The trial court reasoned in his memorandum opinion that "registration" is a word of relatively narrow meaning, and, as used in the title of the act, indicates a listing of contractors, but not the regulation of contractors. The trial court expressed the belief that the subject matter of the provisions of sections 4 and 5, requiring bonds and insurance, respectively, is related to and germane to regulation but not to mere registration. Respondent has argued, and the trial court believed, that registration is a much narrower subject than regulation; that registration is actually only a part of an over-all program of regulation of contractors created by this act.

I am of the opinion that the trial court and respondent are correct. Theirs is the most acceptable view of the problem—for to hold that bonding and insurance are germane to registration is to hold that "registration" and "regulation" are synonymous. To me, the meanings of the two words are clearly different. Registration connotes merely a listing of contractors or, at most, an official certification list; regulation connotes requirements and controls established for the operation of a contracting business resulting in the licensing of persons desiring to engage in that occupation upon their compliance with certain conditions.

Appellant has argued that registration is "generic." The word may be generic in the sense that there can be many kinds of registration for different purposes, but the problem is that registration normally just does not mean to the general public or to the busy legislator that bonds and insurance are required in order for a contractor to obtain a certificate of registration. Webster's Third International Dictionary (1961) at 1912, gives several meanings, none

of which is broad enough to give this kind of notice. As pointed out above, in referring to the appendix to this dissenting opinion, a careful examination of all statutes enacted by the legislature pertaining to licensing or regulation of various professions or businesses shows that, in *every single instance* where the state requires bonds or insurance, the title either broadly refers to the subject matter by characterizing the subject as *regulation* (*i.e.* relating to the regulation or licensing of an area of commerce) or specifically mentions the bond or insurance requirements.

Appellant also argues that bonding and insurance may be required as prerequisites to registration, and that, by simply using the word "registration" in the title, the public is put on inquiry as to what the prerequisites to registration are. I agree that bonding and insurance *may* be made prerequisites to registration if they are included in the title. However, I disagree with appellant's contention that simply because "registration" is to be required, the public is put on inquiry as to the prerequisites of registration, regardless of whether the prerequisites are germane to the word "registration." I recognize that "registration" may give notice of some prerequisites, such as supplying specific information (as provided in section 3 of the act). If the registration pertained to "financial ability of contractors," it might give warning that certain *financial* prerequisites were involved. Sections 4 and 5 pertain to financial ability of contractors. The subject of financial ability is important in the *regulation* of contractors—but it has relationship to *registration* of contractors *only* because both proof of financial ability and registration are related to the broader subject of regulation. Financial ability has no direct connection with *registration*, unless it is made a special prerequisite to qualify for registration outside the normal meaning of the word registration itself.

I conclude, therefore, that the title of chapter 77, Laws of 1963, is "restrictive" within the meaning of the *Gruen* case, *supra*.

Reference has been made to the appendix which cites the statutes of this state regulating or licensing persons in certain businesses wherein bonds or insurance are required as prerequisites. In none of the titles of these statutes does the word "registration" even appear, although a form of registration through licensing is required as a part of the system of regulation. Neither the public nor the legislature has any warning or any way of knowing of the broad requirements and provisions of the act when the legislature suddenly introduces the new and much narrower word "registration" rather than broader words such as the word "regulation" that has heretofore been used. The natural inference is that the words "registration" and "regulation" cannot and should not be construed synonymously because heretofore "registration" has been only a possible (but not necessary) part of regulation.

For the reasons stated above, I am firmly of the opinion that the constitutional requirements of art. 2, § 19, have not been met, because the title is not broad enough in scope. Of course, courts can and should construe a word reasonably, but, as the court stated in *Gruen v. State Tax Comm'n, supra* at 23: "The courts cannot enlarge the scope of the title. They are invested with no dispensing power." As I read the majority opinion, this court is doing just that in this case.

The majority attempts to equate "registration" with "regulation." It appears to me that the majority opinion has assumed its answer to the constitutional issue by looking at the body of the act before it has determined the meaning of the title, and has thus violated one of our basic rules in the application of Const. art. 2, § 19.

The following quotation from the majority opinion demonstrates this misconception of our rule:

Upon reading the title to this act, a contractor engaged in business in the state of Washington would be led to inquire whether his business was within the purview of the regulatory measure. The first section of the act would give him the answer. If his business required that he register, he would then reasonably seek further in-

formation from the act to determine whether he qualified for a certificate of registration. Section 4, *supra,* would put him on notice that, in order to qualify and be issued a certificate of registration, he would be required to furnish a surety bond to the state for the payment of the obligations enumerated in § 4. Section 5, *supra,* would put him on notice that a public liability and property damage insurance policy is required.

Every legislative enactment requiring registration is an exercise of the legislature's police power, and is, by its nature, regulatory of the subject matter. The word "registration" encompasses all regulatory provisions which the legislature enacts, in the proper exercise of its police power.

In the quoted portion of its opinion, I think that the majority is in error in two respects. First, it begs the question in its first sentence, and later in its second paragraph, by an ipse dixit supported by no case authority, no examples of statutes, and no reference to even the common man's understanding of the word "register" as reflected by modern dictionaries. Indeed, the majority opinion appears to say that "registration" is broader in meaning and connotation than "regulation," when it states that the word " 'registration' encompasses all regulatory provisions which the legislature enacts, in the proper exercise of its police power." As explained above, it seems to me much more appropriate to view *regulation* as the encompassing concept—*registration* may be merely a part (although not a necessary part) of a regulatory scheme. The majority's use of these important terms seems to me, at least, inappropriate, and perhaps illogical. How can an unnecessary part be greater than the whole?

The greater error, however, is the second one, when the majority states that a contractor may refer to the body of the act to obtain notice of what the act contains, and thereby attempts to show that its understanding of the word "registration" is correct. This is a violation of one of our basic rules for the application of Const. art. 2, § 19.

The rule violated by the majority is stated in *Great Northern Ry. v. Cohn,* 3 Wn.2d 672, 680, 101 P.2d 985. (1940):

In determination of the question whether the title of an act is in compliance with the constitutional requirement invoked by respondent, the title must be construed with reference to the language used in the title only and not in the light of the context of the act.

This rule was quoted with approval and reaffirmed in *Gruen v. State Tax Comm'n, supra* at 9.

The legal authority relied on by the majority for holding that resort must be had to the examination of the body of the act in order to understand the title, appears to be its paraphrase of a part of a sentence in *Rourke v. Department of Labor & Indus.*, 41 Wn.2d 310, 249 P.2d 236 (1952). That opinion does not hold, or even suggest, by its treatment of the case, that this court or a legislator or the public must look to the sections or the body of an act to obtain notice of what the subject of the act is.

In the *Rourke* case, in the next two paragraphs immediately following the sentence paraphrased by the majority, this court stated, at p. 312:

A title may be general or restrictive, that is, it may be either broad and comprehensive and cover all legislation germane to the general subject stated, or it may be one in which a particular part or branch of the subject is carved out and selected as the subject of the legislation. *Gruen v. State Tax Commission, supra*, pp. 22, 23. *A restrictive title is not regarded as liberally as is a general one, and provisions of the bill which it does not fairly embrace cannot be given force. Gruen v. State Tax Commission, supra*, p. 21.

By these rules, we conclude that the title of the questioned act is restrictive, and does not comply with the second clause of the constitutional mandate because it (1) does not give notice that certain firms, as employers, are affected by the act, but refers only to employees; (2) contains no reference to medical and surgical care, but only to compensation; (3) does not mention charitable institutions, but the body of the act mentions and excludes churches and educational institutions from its provisions; (4) is silent regarding the workmen's compensation law and does not indicate that amendment of that law is intended, yet the act itself refers to that law for construction of the word "extrahazardous" and for

the determination of contributions and benefits, and purports to extend the coverage of that law. (Italics mine.)

We should note that the *Rourke* case was heard en banc. There was only one dissenter.

As I understand the *Rourke* majority opinion, this court held that the title was restrictive *without looking at the body of the act.* It then held that several things, which were plausibly related to the title but not included within its scope, were outside the title. For example, employers were not given notice that they were within the scope of the act because the title referred only to "employees" even though it is obvious that every "employee" must have an employer, as the dissent in that case points out. Without going further into the details of the *Rourke* case, suffice it to say that, in my opinion, that case is no authority for the majority's statement that the sections of the act give notice to or inform anyone of anything. The constitution requires that the subject of an act shall be expressed in its title, which naturally eliminates the body of the act as performing this office.

Of course, there is a valid reason for referring to the body of an act when applying art. 2, § 19. One must look at the body of the act to determine if it is within the scope of the title after one has determined the scope of the title. But that is not what the majority has done in this case. It has confused the issue of the meaning of "registration" by looking at the body of the act to see if, after the court learns what provisions the act contains, it can find any plausible connection of any kind between those provisions and the title. That reasoning is contrary to the decisions in both the *Rourke* case, *supra,* and the *Gruen* case, *supra.* Yet, those are cases which constitute a part of the basic authority relied on by the majority to support its position in this case. No other cases cited by the majority support their approach.

In summary, it is my opinion that the title of the bill involved in this case violates the second mandate of Const. art. 2, § 19, that the subject of the bill shall be expressed

in the title. For this reason, I dissent from the majority opinion. I do not disagree with the majority as to the other issues raised by respondent.

I would affirm the trial court's judgment on this ground, thereby effecting the dissolution of the pending injunction and the dismissal of the action.

ROSELLINI, C. J., concurs with DONWORTH, J.

### APPENDIX TO DISSENT

Laws Requiring Bonds or Insurance as a Requirement for Engaging in Business

1. Subject Matter: Aircraft Dealers
   Code and Session Citation: RCW 14.20.070, Laws of 1955, ch. 150.
   Title: An Act relating to the licensing of aircraft dealers; providing for an aircraft dealer's license and for an aircraft dealer's certificate in lieu of a registration fee and an excise tax on certain aircraft, and amending section 12, chapter 49, Laws of 1949 and RCW 14.04.250, and section 10, chapter 49, Laws of 1949 and RCW 82.48.100.

2. Subject Matter: Auctioneers of Jewelry
   Code and Session Citation: RCW 18.12.110, Laws of 1953, ch. 239.
   Title: An Act relating to sales of jewelry and appliances at auction; defining terms; providing for the issuance of licenses; prescribing fees therefor; and providing penalties.

3. Subject Matter: Collection Agencies
   Code and Session Citation: RCW chapter 19.16, Laws of 1929, ch. 90.
   Title: An Act relating to collection agencies and providing for a bond for the operation thereof.

4. Subject Matter: Commission Merchants
   Code and Session Citation: RCW 20.01.210, Laws of 1959, ch. 139.
   Title: An Act relating to agricultural products; . . . .

5. Subject Matter: Electricians
   Code and Session Citation: RCW 19.28.010, Laws of 1935, ch. 169.
   Title: An Act relating to, and prescribing the manner of installation of electrical wires and equipment, regulating sales thereof[,] providing for the licensing and bonding of those engaged therein, prescribing the powers and duties of certain officials in connection therewith, providing penalties, and making an appropriation, . . . .

6. Subject Matter: Insurance
   Code and Session Citation: RCW Title 48, Laws of 1947, ch. 79.

Title: An Act to provide an Insurance Code for the State of Washington; to regulate insurance companies and the insurance business; . . . .

7. Subject Matter: Motor Vehicles
   Code and Session Citation: RCW Title 46, Laws of 1961, ch. 12.
   Title: An Act relating to vehicles; providing for the regulation and licensing thereof and of persons in relation thereto; . . . .

8. Subject Matter: Public Utility—Transportation
   Code and Session Citation: RCW Titles 80 and 81, Laws of 1961, ch. 14.
   Title: An Act Relating to public service properties and utilities, providing for the regulation thereof, . . . .

9. Subject Matter: Real Estate Brokers
   Code and Session Citation: RCW Chapter 18.85, Laws of 1941, ch. 252.
   Title: An Act relating to real estate brokers and real estate salesmen; providing for the regulation, supervision and licensing of real estate brokers and real estate salesmen, providing for the enforcement of this act and penalties for its violation, establishing the office of Real Estate Director, defining his powers and duties, . . . .

10. Subject Matter: Weighmaster
    Code and Session Citation: RCW 15.80.080, Laws of 1961, ch. 11.
    Title: An Act relating to agriculture and marketing; . . . .

11. Subject Matter: Small Loan Companies
    Code and Session Citation: RCW 31.08.030, Laws of 1941 ch. 208.
    Title: An Act to define, license, and regulate the business of making loans in the amount of five hundred dollars ($500) or less; . . . .

12. Subject Matter: Farm Labor Contractors
    Code and Session Citation: RCW 19.30.040, Laws of 1955, ch. 392.
    Title: An Act relating to licensing, and regulating farm labor contractors; . . . .

13. Subject Matter: Grain Warehousemen
    Code and Session Citation: RCW 22.08.170, Laws of 1955, ch. 300.
    Title: An Act relating to public warehouses; . . . .

14. Subject Matter: Storage Warehouses and Warehousemen
    Code and Session Citation: RCW Chapter 22.20, Laws of 1949, ch. 128.
    Title: An Act relating to storage warehouses and the regulation thereof, . . . .

January 27, 1966. Petition for rehearing denied.