[No. 582. Decided November 30, 1892.]

THOMAS F. KENNEDY, *Respondent*, v. R. W. DERRICKSON AND E. L. SAWYER, *Appellants*.

APPEAL — MOTION FOR NEW TRIAL — SETTLEMENT OF STATEMENT — TIME OF NOTICE — SUFFICIENCY OF FINDINGS — WHEN QUESTION RAISED — VENUE.

A motion for a new trial in the court below is not necessary in order to give validity to an appeal.

Where a judgment appealed from is rendered pursuant to a decision of the cause by the judge at chambers, the time for giving notice of the settlement of a statement of facts does not begin to run until notice of the judgment has been given the defeated party.

Under Code Proc., §§ 161, 162, where suit is commenced in one county and service had upon defendant there, he may, upon filing an affidavit of merits and showing that he is a resident of another county, have the place of trial changed to the county of his residence.

The insufficiency of the findings of fact made by the court below to sustain the judgment may be raised for the first time in the appellate court, when by the action of the lower court and of the respondent no opportunity was given the appellants to move against the findings in the regular manner.

*Appeal from Superior Court, Lewis County.*

*Crowley & Sullivan,* for appellants.

*Reynolds & Stewart,* for respondent.

The opinion of the court was delivered by

HOYT, J.— Respondent moves the court to dismiss the appeal because no motion for a new trial was given in the court below. This motion was not included in the brief, but notice thereof was, and although this was not a technical compliance with the rules of this court, yet we think, under the circumstances of this case, such notice, together with the actual filing and serving of the proper motion, was a substantial compliance therewith. The motion, however, must be denied. This court has held that an appeal will lie in a case in which no motion for a new trial has been interposed in the court below. The only effect which the failure to make such motion can have upon the proceedings in this court is, to limit the questions which may be properly presented here.

Respondent also moves to strike the statement of facts because the same was not filed, and notice of settlement thereof given, within thirty days after the entry of judgment as required by the statute. The judgment appealed from was rendered pursuant to a decision of the cause by the judge at chambers, and no notice of such decision or of the rendition of the judgment was served upon the appellants until February 28th, and the statement and notice of settlement thereof was duly given March 9th. We think the notice was in time. For the purposes of the settlement of the statement the judgment should not be considered as rendered until notice thereof had been given to the defeated party. The motion to strike the statement must be denied.

This action was commenced in Lewis county, and service of process was had upon one of the defendants in that county. At the time defendants appeared in said action they filed an affidavit of merits and a showing that neither of said defendants resided in said county of Lewis, but

both were residents of the county of Pierce, and thereupon
demanded that the trial of said cause be had in the proper
county, to wit, the county of Pierce.   The court denied
the application, and this ruling is the first error relied upon
by the appellants.    Its decision depends upon the construc-
tion to be given to §§ 161, 162, Code Proc.   These sections
are as follows:

"SEC. 161. In all other cases the action must be tried
in the county in which the defendants, or some of them,
reside at the time of the commencement of the action, or
may be served with process, subject, however, to the power
of the court to change the place of trial, as provided in
sections one hundred and sixty-two and one hundred and
sixty-three of this code.

"SEC. 162. If the county in which the action is com-
menced is not the proper county for the trial thereof, the
action may, notwithstanding, be tried therein, unless the
defendant, at the time he appears and demurs or answers,
files an affidavit of merits, and demands that the trial be
had in the proper county."

It is claimed on the part of the respondent that one of
the defendants having been served in the county of Lewis,
the case is brought directly within the provisions of said
§ 161.   On the other hand it is claimed that said § 161
provides for two classes of defendants, one of which is all
those having a place of residence in some county within
this state, and the other, all those who are not residents of
the state.   We think the second contention is the true one.
A careful reading of the section satisfies us that the legisla-
ture could have intended nothing else.   It is true that the
construction contended for by the appellants seems to be
against the plain reading of the section, but this seeming
conflict disappears upon a critical examination of the lan-
guage used, in the light of the object to be accomplished.

Under this legislation a resident of any county in this
state was given the right to have actions against him tried

in his home county if he never went outside of the limits thereof. But if the contention of respondent is true, he lost such right the moment he stepped outside the border line of his county. Is it reasonable to suppose that the legislature could have intended to thus discriminate in favor of those who stay at home as against those who sometimes go outside of the county in which they reside? We think not. The legislature would desire to place all residents of the state upon the same footing, and would not provide that one who had incurred a liability must be sought in the county of his residence, while another, having incurred a similar liability, could be required to go elsewhere to litigate the same. It could never have intended that the rights of two neighboring residents of a county should be so unequal simply from the fact that one always stayed at home, and the other sometimes went outside the limits of the county. Before we can find that the legislature intended thus to offer a premium to the one who never goes outside of his county, such language must be used that no other interpretation is possible. Such is not the effect of the language used in the section under consideration. Every word of it can be given force by holding, as we have above indicated, that two classes of persons were intended to be reached by such legislation, one of said classes being composed of residents of this state, and the other of non-residents. The defendants, then, had a right to have the cause removed to Pierce county for trial, and the refusal of the court to grant their motion to that end was error; nor do we think that they waived their motion in that regard by failing to renew the same after the filing of plaintiff's amended complaint.

The conclusion to which we have come as to this error, presented at the very threshold of the case, makes it unnecessary for us to discuss at length the other alleged errors. We desire to say, however, that we think the point

well taken that there were no such findings of fact by the judge as would support a judgment. There is absolutely no finding as to the various issues raised by the pleadings other than the statement of what we deem simply a legal conclusion that the defendants are indebted to the plaintiff in certain amounts, and the plaintiff indebted to the defendants in certain other amounts, and that the difference between them is so much, and that the defendants are therefore indebted to the plaintiff in such last named amount. Such findings are clearly insufficient under all the authorities upon that subject. It is contended, however, on the part of the respondent that this question cannot be raised in this cause because such findings of fact were not moved against in the court below. This contention would doubtless be true had the appellants been given any proper opportunity to have attacked such findings, but the record discloses that they were given no such opportunity. The findings of fact and law made by the judge at chambers were immediately followed by the entry of judgment. No notice either of such findings or of the rendition of judgment was given to or served upon the appellants. Appellants could have, perhaps, by a motion for a new trial, even after the entry of judgment, have indirectly attacked the findings of fact, but we do not think they were bound to have done so. A motion for a new trial under ordinary circumstances comes before judgment, and by such motion the verdict of a jury or the findings of a court in a case tried without a jury, and not the judgment, is attacked, and since by the action of the court and of the respondent, no opportunity was given for the appellants to move against the findings of fact in the ordinary and regular manner, we do not think they were bound to move at all in the court below, but could come here and raise the question.

As there must be a re-trial, we shall not attempt to discuss the evidence in the case to determine whether or not

the proper conclusions were drawn therefrom by the lower court.    The judgment must be reversed, and the cause remanded for a new trial in accordance with this opinion.

ANDERS, C. J., and SCOTT, J., concur.

STILES, J.—I concur in the result, excepting that I do not agree that there should be a change of the place of trial.

DUNBAR, J., concurs.