[No. 35279. Department One. January 21, 1960.]

THE STATE OF WASHINGTON, *Petitioner and Relator*, v. S. BESSELMAN *et al.*, *Respondents*, THE SUPERIOR COURT FOR GRANT COUNTY, *Respondent*.[1]

*The Attorney General, John C. O'Rourke* and *Edward E. Level, Assistants*, for petitioner and relator.

FINLEY, J.—This case comes to the supreme court on certiorari to review an order of the superior court for Grant county dismissing a petition in condemnation brought by the state of Washington.

The respondents own a certain tract of land in Grant county, abutting on primary state highway No. 7. In 1955, after proper notice and hearing in compliance with RCW 47.52.072, the particular highway was established as a

[1]Reported in 348 P. (2d) 406.

limited access facility, but with a route of access left open to the respondents. In keeping with this, the state thereafter, by judgment dated May 18, 1956, in fact acquired all access rights as to the respondents' property, except the one route of access reserved for the respondents.

On January 20, 1959, the state highway commission, by resolution, deleted the respondents' reserved access route from its plan of access control respecting the particular highway. Thereupon, the instant action was commenced to condemn the access route thus deleted. The respondents resisted and contended in the trial court that the state's request for an order of public use and necessity was inherently defective because the highway commission, in connection with its resolution of January 20th, did not comply with the requirements of RCW 47.52.072 as to notice and hearing. The trial court agreed with the position taken by the respondents. The order dismissing the state's petition in condemnation is now before us for review.

The pertinent portion of RCW 47.52.072 reads:

" . . . No existing highway, road or street, or portion of an existing highway, road or street may be established as a limited access facility until the owners or reputed owners of the abutting property of the section affected, as indicated in the tax rolls of the county be given notice of such proposal and an opportunity to be heard thereon. . . ."

Counsel for the state urge that the statute applies only to the initial establishment of a limited access facility and not to a subsequent alteration in the plan of access control governing a previously established limited access facility.

RCW 47.52.074, which relates to the order to be entered at the conclusion of a hearing held under RCW 47.52.072, provides:

" . . . At the conclusion of such hearing the [highway] authority shall consider the evidence taken at such hearing and shall make specific findings in the case of each abutting ownership as to whether such proposal to establish such existing highway, road or street, or portion thereof, as a limited access facility is required by the public convenience and necessity. It may order the adoption of such pro-

posal or counterproposal in entirety or in part, or may modify or reject any proposal. . . ."

RCW 47.52.040, relating to the design of a limited access facility, provides:

". . . The highway authorities of the state, counties, and incorporated cities and towns may so design any limited access facility and so regulate, restrict, or prohibit access as to best serve the traffic for which such facility is intended; and the determination of design by such authority shall be conclusive and final. . . . No person shall have any right of ingress or egress to, from, or across limited access facilities to or from abutting lands, except at designated points at which access may be permitted by the highway authorities upon such terms and conditions as may be specified from time to time. . . ."

We are convinced that the legislature intended that the single question to be determined at the hearing provided for by RCW 47.52.072 is whether factors of public convenience and necessity justify the designation of an existing highway, road or street as a limited access facility. How access to such a facility is to be controlled is left substantially to the determination of the highway authority, subject only to the abutting owners' constitutional right to just compensation for any taking of rights of ingress and egress. For a discussion of the nature of this right and the distinction between the establishment of an existing highway as a limited access facility and the establishment of a new limited access highway see *State v. Calkins* (1957), 50 Wn. (2d) 716, 314 P. (2d) 449.

It is our opinion that the trial court's order dismissing the state's petition in condemnation should be reversed, and the cause remanded for consideration of the state's request for an adjudication of public use and necessity in accordance with RCW 8.04.070. It is so ordered.

WEAVER, C. J., MALLERY, DONWORTH, and ROSELLINI, JJ., concur.