[No. 36892.    Department Two.    October 3, 1963.]

THE STATE OF WASHINGTON, *on the Relation of Roy A. Dawes et al., Appellant,* v. WASHINGTON STATE HIGHWAY COMMISSION *et al., Respondents.**

*Eisenhower & Carlson* and *Paul Sinnitt,* for appellant.

*The Attorney General* and *Delbert W. Johnson, Assistant,* for respondents.

*Reported in 385 P. (2d) 376.

WEAVER, J.—In *State ex rel. Sternoff v. Superior Court*, 52 Wn. (2d) 282, 298, 325 P. (2d) 300 (1958) we held that the state could not condemn the right of access to property abutting an existing street or road for the purpose of establishing a limited access facility without first invoking, as a condition precedent, the statutory procedure detailed by the legislature in RCW 47.52.072 through RCW 47.52.075.

This appeal presents conflicting theories of interpretation, meaning, and effect of certain portions of these statutes. Insofar as applicable to the instant case, the statutes are set forth in the margin.

In short, RCW 47.52.072[1] provides that an existing street or road cannot be established as a limited access facility until the abutting property owners have been given notice of the proposal and given an opportunity to be heard.

RCW 47.52.073[2] requires the highway authority to introduce at the hearing a summary of the proposal for the establishment of the limited access facility and ". . . any evidence that may be proper as *to the public convenience and necessity* for such facility . . ." An abutting property owner has the right to introduce evidence and statements or counterproposal bearing upon the reasonableness of the proposal.

---

[1]RCW 47.52.072 "Establishment — Notice — Hearing — Waiver. No existing . . . street . . . may be established as a limited access facility until the owners . . . of the abutting property . . . be given notice of such proposal and an opportunity to be heard thereon . . . *Provided,* That any property owner . . . may waive in writing the requirements of said hearing . . ."

[2]RCW 47.52.073 "Conduct of hearing. At such hearing . . . Any person desiring to be heard must first enter an appearance. The authority shall introduce by competent witness a summary of the proposal for the establishment of a limited access facility and any evidence that may be proper as *to the public convenience and necessity for such facility* . . . any persons entering an appearance may introduce . . . evidence and statements or counterproposal bearing upon the reasonableness of the proposal. Any counterproposal shall receive reasonable consideration by the authority before any proposal is adopted. . . ." (Italics ours.)

RCW 47.52.074[3] requires the highway authority to consider the evidence and make specific findings

". . . as to whether such proposal to establish such existing . . . street as a limited access facility is required *by the public convenience and necessity.*" (Italics ours.)
The authority may reject, modify, or adopt the proposal in whole or in part. The abutting property owner must be mailed a copy of the findings and order.

"Such determination *shall become final* within thirty days . . . as to all the abutting property affected unless a review is taken . . . In case of an appeal, *the order shall be final* as to the property of all abutting owners not appealing." RCW 47.52.074 (Italics ours.)

RCW 47.52.075[4] provides that an abutting property owner appearing at the hearing may petition the Thurston County Superior Court for a review of the findings or order affecting property owned by him; and may appeal from the superior court to the Supreme Court. The manner of review is defined in footnote 4 and will be discussed later in this opinion.

Linden Drive in the city of Sumner, Pierce County, extends north and south. It is the present route of Primary

[3]RCW 47.52.074 "Hearing—Findings or order—Finality. At the conclusion of such hearing the authority shall consider the evidence . . . and shall make specific findings in the case of each abutting ownership as to whether such proposal to establish such existing . . . street . . . as a limited access facility is required *by the public convenience and necessity.* . . . Its findings and order shall be in writing and copies thereof shall be served by United States mail upon all persons entering an appearance at such hearing. Such determination shall become *final* within thirty days after such mailing as to all the abutting property affected unless a review is taken as hereinafter provided by any individual owner of abutting property who was a party. In case of an appeal, the order shall be *final* as to the property of all abutting owners not appealing." (Italics ours.)

[4]RCW 47.52.075. "Review and appeal. Any party to such hearing may petition for review in the superior court of Thurston county of any portion of such findings and order which affects property owned *by him and may appeal from such superior court to the supreme court.* . . . Such review and any appeal therefrom shall be considered and disposed of by said courts upon the record of the authority in the manner, under the conditions, and subject to the limitations, and with the effect specified in the public service commission law of this state, as amended."

State Highway No. 5. The Washington State Highway Commission, desiring to relocate P.S.H. No. 5, instructed the Director of Highways to prepare a plan for the establishment of a limited access highway. The plans as proposed establish a freeway extending east to west and passing *under* Linden Drive at substantially right angles to it.

Appellants are the owners of 1.95 acres of valuable income property located in the northwest quadrant formed by the overpass intersection of Linden Drive and the proposed freeway. The property abuts Linden Drive for about 225 feet.

In general, the plans place appellants' property within the loop of an off-ramp that leaves the freeway, passes under Linden Drive, curves north, and leads into Linden Drive on a tangent so that west bound traffic may leave the freeway on the off-ramp, traverse the loop, and proceed south on Linden Drive past appellants' property.

The ramp takes only a small portion of two corners of the property, but the proposed plans deprive appellants of all their right of access to Linden Drive.

After two hearings, the Highway Commission entered its order in which it found

" . . . in the case of each abutting ownership that the adoption of the plan for making said highway a limited access facility . . . is required *by the public convenience and necessity*." (Italics ours.)

The Commission instructed the Director of Highways

" . . . to take the necessary steps to acquire the access rights in accordance with the plan . . . together with such property as may be necessary to make said improvement, as provided by the laws of the State of Washington."

On appellants' petition to review (RCW 47.52.075, note 4, *supra*), the Superior Court for Thurston County affirmed the order of the Highway Commission, hence this appeal.

Appellants contend the Limited Access Facilities Act (RCW 47.52) is unconstitutional. They urge: the statutory *finality* of the Highway Commission's determination that *"public convenience and necessity"* require the elimination of their right of access to an existing street (RCW 47.52.074)

conflicts with Art. 1, § 16 (amendment 9) of the state constitution,[5] for it forecloses them from contesting the issuance of a certificate of public use and necessity in a subsequent condemnation action by the state.

In short, appellants argue in their brief

". . . that the limited access hearing is an attempt by the legislature to bypass the constitutional right of the owner to have a judicial determination of the question of the necessity of his property being taken for a public purpose."

Counsel for respondents, on the other hand, contend that the limited access hearing, the commission's determinations, the approval of the highway director's plans for the proposed limited access facility, and the review by the Thurston County Superior Court, simply present a problem of "administrative procedure and highway planning"; that the proceeding is not an alternate or substitute for the constitutional requirement that public use and necessity is a judicial question to be determined by the court should a subsequent action of condemnation be commenced in the county where the property is situated.

■ If a statute is subject to two interpretations, one rendering it constitutional and the other unconstitutional, the legislature will be presumed to have intended a meaning consistent with the constitutionality of its enactment. *Household Finance Corp. v. State*, 40 Wn. (2d) 451, 457, 244 P. (2d) 260 (1952).

■ RCW 47.52.072 through RCW 47.52.075 appear to have three objectives: (1) they require the highway director to prepare and present a plan for the limited access facility; (2) they give an abutting property owner an opportunity to be heard and present an alternate plan; (3) they give the highway commission an opportunity to correct or modify the proposed plan before its adoption.

---

[5]Art. 1, § 16 (amendment 9), Washington Constitution.

". . . Whenever an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use be really public shall be a judicial question, and determined as such, without regard to any legislative assertion that the use is public . . . ."

When these objectives have been accomplished, the statutes have served their purpose, and the condition precedent necessary before the state may maintain an action of eminent domain has been established. *State ex rel. Sternoff v. Superior Court,* 52 Wn. (2d) 282, 325 P. (2d) 300 (1958). (The question of the "finality" of the Commission's findings upon the highway director's plans is not before us on this appeal. See *State v. Besselman,* 55 Wn. (2d) 524, 348 P. (2d) 406 (1960).)

Were it accepted fact that the administrative determination, and its judicial approval, deprived appellants of any constitutional rights in a subsequent action by the state to acquire the rights of abutting property owners by eminent domain, the statutes would conflict directly with the constitutional provision of Art. 1, § 16 (amendment 9) of the constitution. (Footnote 5, *supra.*) We do not accept this interpretation.

The state has simply fulfilled the statutory condition precedent to maintain an action of eminent domain; it has gained no advantage over appellants. It must prove its right to a certificate of public use and necessity, not by reliance upon the findings of the highway commission, but as provided by law. Appellants have the right to defend and protest the issuance of the certificate in all manners previously available to them. Whether the contemplated use be really public is still a judicial question and must be determined ". . . without regard to any legislative assertion that the use is public . . ." Art. 1, § 16 (amendment 9), Washington Constitution.

Appellants' first assignment of error is without merit.

RCW 47.52.075 (footnote 4, *supra*) provides that judicial review of the commission's findings shall be considered by the courts in the manner specified in the public service commission law of this state. RCW 80.04.170 provides for judicial review of orders of the public service commission by the superior court; RCW 80.04.190, for review in the Supreme Court.

■ In *Herrett Trucking Co. v. Washington Pub. Ser. Comm.,* 58 Wn. (2d) 542, 545, 364 P. (2d) 505 (1961), we

held that the Administrative Procedure Act (RCW 34), except RCW 34.04.040, applied to the public service commission " . . . as well as to all other agencies not specifically excluded. . . ."

The highway commission is not excluded from the operation of the act. RCW 34.04.150. Therefore, the area of judicial concern in the instant case is governed by RCW 34.04.130 (6), which provides:

"(6) The court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse the decision if the substantial rights of the petitioners may have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

"(a) in violation of constitutional provisions; or

"(b) in excess of the statutory authority or jurisdiction of the agency; or

"(c) made upon unlawful procedure; or

"(d) affected by other error of law; or

"(e) unsupported by material and substantial evidence in view of the entire record as submitted; or

"(f) arbitrary or capricious."

We have already considered subsection (a); subsections (b), (c), and (d) are not argued by appellants. Are the findings of fact and order of the highway commission arbitrary and capricious, or unsupported by material and substantial evidence?

In *Miller v. Tacoma*, 61 Wn. (2d) 374, 390, 378 P. (2d) 464 (1963), the court said:

"Arbitrary and capricious action has been defined as wilful and unreasoning action, without consideration and regard for facts or circumstances. *Lillions v. Gibbs*, 47 Wn. (2d) 629, 633, 289 P. (2d) 203 (1955). A finding of fact made without evidence in the record to support it, and an order based upon such finding, is arbitrary. *State ex rel. Tidewater-Shaver Barge Lines v. Kuykendall*, 42 Wn. (2d) 885, 891, 259 P. (2d) 838 (1953). When there is evidence in the record, however, and

" '. . . Where there is room for two opinions, action is not arbitrary and capricious when exercised honestly and upon due consideration, even though it may be believed that an erroneous conclusion has been reached. [Citing authorities.]' *Smith v. Hollenbeck*, 48 Wn. (2d) 461, 464, 294 P. (2d) 921 (1956)."

It would unduly burden this opinion to paraphrase the oral testimony and detail the numerous engineering exhibits introduced before the commission. It is sufficient to state that we find nothing to indicate that the judgment of the highway commission was not "exercised honestly and upon due consideration" of the extensive record before it. We cannot say that the action of the commission was arbitrary and capricious, or unsupported by material and substantial evidence.

In reaching this conclusion, we are not expressing our opinion that "public convenience and necessity" require that appellants be deprived of right of access to their property. "Whether the contemplated use be really public" must be determined in a subsequent action of eminent domain.

The judgment is affirmed.

OTT, C. J., DONWORTH, FINLEY, and HAMILTON, JJ., concur.