[No. 37074. En Banc. June 11, 1964.]

THE STATE OF WASHINGTON, *on the Relation of Robert H. Duvall et al.*, Appellants, v. THE CITY COUNCIL OF SEATTLE *et al.*, Respondents.*

*Alfred J. Schweppe*, for appellants.

*A. C. Van Soelen* and *G. Grant Wilcox*, for respondents.

HUNTER, J.—This is an appeal from a judgment of the Thurston County Superior Court, which affirmed findings made by the City Council of the City of Seattle, defendants (respondents), after a hearing concerning the proposed route of a limited access facility known as the R. H. Thomson Expressway.

*Reported in 392 P. (2d) 1003.

On April 30 and May 3, 1962, a committee of the Seattle City Council designated as a "Committee of the Whole" held a public hearing pursuant to RCW chapter 47.52 to present a summary of the proposed route for the expressway. Notice of the hearing was given to the owners of all the property that would be affected stating they could file a formal appearance and present evidence, statements or counterproposals.

At the hearing, the city engineer recommended that plan "B" be accepted as the route of the proposed new limited access facility. The relators (appellants), all of whom were made parties to the hearing by the city, appeared at the hearing and opposed plan "B." They introduced affirmative evidence to show that the plan was not suited to the public convenience and necessity, and that there were at least two other alternative routes better suited for the facility. The relators argued that the proposal by the city was a circuitous route designed to avoid using the west edge of the University of Washington Arboretum (a city-owned park), and that the official plan for many years had been to utilize the unimproved west edge of the Arboretum for this highway. They alleged that the indirect route around the Arboretum requires the condemnation of 92 residences which will cost the taxpayers nearly $2,000,000 in additional condemnation costs and $1,000,000 in additional construction costs.

At the conclusion of the hearing, the committee adopted plan "B." The findings made by the committee stated that plan "B" is required by the public convenience and necessity, and that after a reasonable consideration, the alternate proposals were found not to be required by the public convenience and necessity. The City Council, by ordinance, adopted the findings of the committee. Two members of the City Council, in office when the findings were made by the committee, were not in office when the ordinance adopting plan "B" was passed. The relators petitioned for review in the Superior Court for Thurston County. That court entered judgment affirming the Council's findings, from which this appeal was taken.

The relators contend that the selection of the route proposed by plan "B" is unreasonable, arbitrary and capricious. The city, on the other hand, argues that the purpose of the hearing in pursuance of RCW 47.52.073 and RCW 47.52.075 is to provide the abutting property owners the right to be heard as to the reasonableness and public necessity of taking their access; that the only time the route of the proposed limited access facility will be an issue is upon the condemnor's application for an adjudication of public use and necessity in condemnation proceedings under RCW 8.12.090; and that only the abutting property owners were proper parties at the hearing and on this appeal.

■ We do not construe this chapter so narrowly. RCW 47.52.073 requires that the authority conducting the hearing introduce a summary of the proposal and

". . . At the conclusion of such evidence, *any persons* entering an appearance may introduce, either in person or by counsel, *evidence and statements or counterproposal* bearing upon the reasonableness of the proposal. *Any counterproposal shall receive reasonable consideration* by the authority before any proposal is adopted. . . ." (Italics ours.)

It is contemplated by this statute that a limited access hearing, such as was held in the instant case, is broad and all encompassing in its scope. The authority conducting the hearing must fully consider any objections and counterproposals to the proposed limited access facility. It is clearly within the purview of the statute, at such a hearing, for any person who has entered an appearance to propose another route, and the hearing authority must consider such a proposal.

We spelled out the objectives of a limited access hearing in *State ex rel. Dawes v. State Highway Comm., 63 Wn. (2d) 34, 385 P. (2d) 376 (1963):*

"RCW 47.52.072 through RCW 47.52.075 appear to have three objectives: (1) they require the highway director to prepare and present a plan for the limited access facility; (2) *they give an abutting property owner an opportunity to be heard and present an alternate plan;* (3) they give the highway commission an opportunity to correct or modify

the proposed plan before its adoption. When these objectives have been accomplished, the statutes have served their purpose, and the condition precedent necessary before the state may maintain an action of eminent domain has been established. . . . " (Italics ours.)

In the *Dawes* case, the appellants were abutting property owners. In the instant case, two of the relators are abutting property owners and the remainder are owners whose property will be taken by the proposed new highway. All of the relators entered an appearance pursuant to RCW 47-.52.073, and became parties to the hearing.

RCW 47.52.075 allows *any party* to the hearing to petition for review of any findings and order *which affects property owned by him.* Although the necessary findings are limited to a determination of the rights of each abutting property owner, by the very nature of the findings, the rights of all affected property owners are also determined; and the statute allows such parties to petition for review.

■ The relators contend that the findings made by the city are insufficient. We agree. RCW 47.52.074 provides:

"At the conclusion of such hearing the authority shall consider the evidence taken at such hearing and shall make specific findings in the case of each abutting ownership as to whether such proposal to establish such existing highway, road or street, or portion thereof, as a limited access facility is required by the public convenience and necessity. It may order the adoption of such proposal or counterproposal in entirety or in part, or may modify or reject any proposal. Its findings and order shall be in writing . . ."

The findings adopted by the City Council state that the

". . . statements of the witnesses . . . and such exhibits as were introduced in connection with the counter proposals all having received reasonable consideration, are found not to be required for the public convenience and necessity and should be and are therefore rejected . . ."

and that plan "B"

". . . is required by the public convenience and necessity with respect to each property abutting on said streets . . ."

These assertions are no more than conclusions. The purported findings do not state any facts to support the conclusion of public convenience and necessity to justify the adoption of the city's proposal rather than the counterproposals. They do not include the ultimate facts essential in findings to support a conclusion, as required by the statute, *supra.* In *State ex rel. Bohon v. Department of Public Ser.,* 6 Wn. (2d) 676, 108 P. (2d) 663 (1940), we said:

"Turning to the 'specific findings,' following the 'opinion,' we discover that the department has gone to the opposite extreme. While those findings are condensed into succinct statements, they amount to nothing more than ultimate conclusions drawn from the preceding general narrative. They are phrased in language practically identical with, and having the same legal effect as, the concluding 'order.'

"Findings of fact by an administrative agency are subject to the same requirement as are findings of fact drawn by a trial court. *Wichita Railroad & Light Co. v. Public Utilities Commission,* 260 U. S. 48, 67 L. Ed. 124, 43 S. Ct. 51; *Beaumont, Sour Lake & Western R. Co. v. United States,* 282 U. S. 74, 75 L. Ed. 221, 51 S. Ct. 1. The findings must contain ultimate facts; mere statements of legal conclusions will render the findings insufficient. *Kennedy v. Derrickson,* 5 Wash. 289, 31 Pac. 766."

Since the findings are inadequate, the determination of whether the action of the city was arbitrary or capricious cannot now be considered by us.

The relators finally contend that the change of membership in the City Council, between the hearing and the passage of the ordinance, invalidated the ordinance. This issue is rendered moot because of our disposition of this appeal.

The judgment of the trial court is reversed, and the cause is remanded to the superior court with instructions to refer the matter to the Seattle City Council for the preparation of proper findings upon the record as already made, or to be made, if required by the council.

Costs will abide the final result of the cause.

HILL, FINLEY, ROSELLINI, and HALE, JJ., concur.

WEAVER, J. (concurring specially)—The crux of my disagreement with the majority opinion is that its interpretation of RCW 47.52.072 through 47.52.075 establishes a "town meeting," or a series of town meetings, at which anyone may appear no matter what his interest. My interpretation of these statutes supports the conclusion that the procedures provided are only for the protection of *abutting* property owners.

The four sections must be read and interpreted as a unit for they are interdependent.

RCW 47.52.072 provides:

"No existing . . . street . . . may be established as a limited access facility until the owners . . . of the *abutting property* . . . be given notice of such proposal and an opportunity to be heard . . ." (Italics mine.)

At the conclusion of the hearing, RCW 47.52.074 provides that

". . . the authority shall consider the evidence . . . and shall make *specific findings in the case of each abutting ownership* as to whether such proposal *to establish* . . . *a limited access facility* is required by the public convenience and necessity. . . ." (Italics mine.)

The purpose of the hearing, and its results (as discussed in *State ex rel. Dawes v. State Highway Comm.*, 63 Wn. (2d) 34, 385 P. (2d) 376 (1963)) are confined to abutting property owners. RCW 47.52.073 is sandwiched between the statutory purpose and result. Considered alone, it might be interpreted as authorizing a "town meeting." Considered in the light of the statutes preceding and following it, I believe it is simply directory of the manner of conducting and recording the hearing. The city misinterpreted the purpose and effect of these statutes when it gave notice to "the owners of all the property that would be affected;" only the abutting property owners were entitled to notice.

I do not reach the city's contention "that the only time the route of the proposed limited access facility will be an issue is upon the condemnor's application for an adjudi-

cation of public use and necessity in condemnation proceedings under RCW 8.12.090; . . ."

Paraphrasing what was said in *Dawes, supra,* the city has simply fulfilled the statutory condition precedent (see *State ex rel. Sternoff v. Superior Court,* 52 Wn. (2d) 282, 325 P. (2d) 300 (1958)) to maintain an action of eminent domain to deprive the abutting property owners of right of access. It has gained no advantage over relators, whether they be abutting property owners or not, by reason of the hearing held pursuant to RCW 47.52.072-075. The city must prove its right to a certificate of public use and necessity, not by reliance upon findings of the city council, but as provided by law. Property owners, whether abutting or not, have the right to defend and protest the issuance of a certificate of public use and necessity, if their property is sought by condemnation, in all manners previously available to them. Whether the contemplated use be really public is still a judicial question and must be determined ". . . without regard to any legislative assertion that the use is public . . ." Art. 1, §16 (amendment 9), Washington Constitution.

I agree with the reasoning and conclusion of the majority opinion that the findings made by the city council are insufficient. Whether the city's action was arbitrary and capricious cannot be tested by the present record. See *King Cy. v. Theilman,* 59 Wn. (2d) 586, 369 P. (2d) 503 (1962).

The judgment of the trial court should be reversed and the cause returned to the superior court and by it referred to the city council with directions that the council make specific findings in the case of each abutting ownership in accordance with RCW 47.52.074, either upon the record as made or after further hearing as the council may determine.

OTT, C. J., DONWORTH and HAMILTON, JJ., concur with WEAVER, J.

---

July 24, 1964. Petition for rehearing denied.