[No. 37860.   Department One.   January 27, 1966.]

THE STATE OF WASHINGTON, on the Relation of Bremerton Transfer & Storage Company, Inc., et al., Respondent, v. WASHINGTON UTILITIES AND TRANSPORTATION COMMISSION et al., Appellants.*

The Attorney General and Frank P. Hayes, Assistant, for appellant Washington Utilities and Transportation Commission.

Eisenhower & Carlson and James F. Henriot, for appellant Lile, Inc.

Hoof, Shucklin & Harris, for respondents.

*Reported in 410 P.2d 602.

LANGSDORF, J.†—This is an appeal from a judgment of the superior court reversing an order of the Washington Utilities and Transportation Commission, granting additional common carrier permit rights to Lile, Inc.

On July 30, 1962, Lile filed its application with the commission seeking an extension of authority under its common carrier permit to include transportation of household goods (local cartage) within the City of Bremerton. Lile's application for such extension of permit was protested by four common carriers holding such rights within the City of Bremerton, who are respondents herein. The matter came on regularly for hearing at Olympia on September 11, 1962.

Mr. W. B. Lile, the president of Lile, Inc., testified that he had had a number of requests for local cartage. Mr. Robert Nowadnick, manager of the Bremerton branch of Lile, Inc., testified that he also had received requests for local cartage that he could not fulfill because of lack of proper authority. Four shipper witnesses who had been moved by Lile, Inc., under its present authority, testified that they were well pleased with the service they had received and would use Lile for any future moves within Bremerton, although none were presently contemplated. There was also testimony that Lile needed this new authority to handle the local cartage aspect of Public Law 245 storage for the United States Navy.

The respondents testified that there had been no appreciable increase in the amount of local cartage in the last 11 years; that local cartage was important to their well-being and that they did not use full capacity to handle present local cartage needs. The representative of Bremerton Transfer and Storage Company testified that its operation would be seriously jeopardized if it lost its local cartage business, or a substantial portion thereof. (Its local cartage was about 4.5 per cent of its gross revenue).

On December 5, 1962, the commission entered the following:

---

†Judge Langsdorf is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

ORDER

WHEREFORE, IT IS ORDERED That application (E-12414) of Lile, Inc., d/b/a Lile-Mayflower, for extension of authority under Common Carrier Permit No. 12233 be, and it is hereby granted; and that contingent upon applicant having complied with the provisions of Chapter 14, Laws of 1961, and the rules and regulations governing motor freight carriers, said permit shall be amended to include the following: household goods (local cartage) in the City of Bremerton.

The respondents filed their petition for writ of review of the commission's order and, after hearing, the Superior Court of Thurston County reversed the commission. The trial court held the findings of the commission Nos. 6, 7, and 8 are unsupported by material and substantial evidence, are arbitrary and capricious, and the order of the commission is, therefore, unsupported by the findings of fact and conclusions of law.

The commission's findings Nos. 6, 7, and 8 are as follows:

6. The authority granted herein will not tend to impair the stability or dependability of existing service or the total service essential to the public needs or requirements nor will the authority granted herein result in unreasonable congestion of the highways.

7. The authority granted herein is in the interest of the shipping public.

8. Applicant has definite prospects, as distinguished from mere hopes, that the proposed service will be utilized for the transportation of household goods (local cartage) in the City of Bremerton.

It is conceded by the parties that the satisfaction of the following regulations is in issue. Washington Utilities and Transportation Rule 5, entitled Qualifications for Permit, provides:

(a) . . . Therefore, each applicant will be required to definitely establish by affirmative proof that he
. . . .
(3) Has sufficient experience in, and knowledge of, the trucking business and of the motor freight carrier regulatory law (RCW Chapter 81.80) and these rules, to

enable the Commission to find that such operation will be properly conducted, and that there are definite prospects, distinguished from mere hopes, that the proposed service will be utilized.

(b) Applicants will be required, should public hearings become necessary, to meet and overcome proof that such proposed service unreasonably congests the public highways or unreasonably endangers the stability and dependability of existing essential service. This involves also meeting and overcoming proof that existing available carrier service is essential to the public needs, and that the granting of the application would tend to impair the stability or dependability of such existing essential service.

RCW 81.80.070 governs the application for extension of common carrier permits. This law was recently amended by the 1963 legislature, Laws of 1963, ch. 242, § 1. This case was heard before the amendment. The law in effect at the time of the commission order, and with which we are concerned on this appeal is that part of RCW 81.80.070 as follows:

Nothing contained in this chapter shall be construed to confer upon any person or persons the exclusive right or privilege of transporting property for compensation over the public highways of the state, but the commission may deny an application when it appears clearly, after public hearing, that the additional service would unreasonably congest the highways or tend to impair the stability and dependability of the service essential to the public needs.

The commission shall also consider the amount and type of service rendered in any area by any class of service and may deny an application for permit or extension, if it appears that the grant of such permit or extension would not be in the interest of the shipping public or would tend to impair the stability or dependability of existing service essential to the public needs or requirements.

The appellants claim as error the trial court's conclusion that the commission's findings Nos. 6, 7, and 8 were not supported by material and substantial evidence.

■ Prior to further discussion of the case, we should quote from *City Sanitary Serv., Inc. v. Washington Util. & Transp. Comm'n*, 64 Wn.2d 739, 741, 393 P.2d 952 (1964), as follows:

> The Washington Utilities and Transportation Commission is an administrative agency, and as such is a fact-finding tribunal. *Herrett Trucking Co. v. Washington Public Ser. Comm.*, 58 Wn. (2d) 542, 364 P. (2d) 505; *State ex rel. Arrow Transp. Co. v. Washington Util. & Transp. Comm.*, 60 Wn. (2d) 825, 376 P. (2d) 433. Its findings of fact are by statute (RCW 81.04.430) made prima facie correct, and the burden is upon the one attacking a finding, conclusion or decision to show that it is unlawful, unsupported by material and substantial evidence, or is arbitrary or capricious. RCW 34.04.130(6); *Herrett Trucking Co. v. Washington Public Ser. Comm.*, *supra*; *Herrett Trucking Co. v. Washington Public Ser. Comm.*, 61 Wn. (2d) 234, 377 P. (2d) 871. See also *State ex rel. Dawes v. Washington State Highway Comm.*, 63 Wn. (2d) 34, 385 P. (2d) 376. Courts should not and will not interfere with or substitute their judgment for a decision of the commission when it has properly acted within the sphere of its purpose, expertise, and competence. *Herrett Trucking Co. v. Washington Public Ser. Comm.*, 61 Wn. (2d) 234, 377 P. (2d) 871.

The trial court overruled the commission primarily on the fact that there was no material or substantial evidence to show there were definite prospects that the service would be used as opposed to mere hopes (commission finding of fact No. 8). We cannot agree. Both W. B. Lile and Robert Nowadnick testified that they had received calls for local cartage that they could not fulfill under their present permit authority. This was never contradicted by respondents, and the commission was entitled to believe their testimony. While the shipper witnesses could not state with certainty that they would take advantage of Lile's new authority in the foreseeable future, we must remember that this type of cartage does not have regular customers. It would be almost impossible for a shipper to get householders who intend to use him regularly. A local cartage business is built by word of mouth by satisfied householders who have

used the service and live in the general area. Under the circumstances, we feel as the commission did, that the applicant produced the best witnesses that could be provided. It was also established that this extension of authority was needed to handle probable storage for the United States Navy under Public Law 245. Without this local cartage permit, Lile could not move the goods involved to a place of storage within the city limits of Bremerton.

While each factor alone may not provide the substantial or material evidence needed to uphold the commission's decision, taken together, they form a basis on which the commission could decide that definite prospects existed. The weight of the evidence does not clearly go against these findings. The above makes it self-evident that the commission was not arbitrary or capricious in its decision.

We also feel that the trial court was in error in ruling that the commission's findings of fact and conclusions of law Nos. 6 and 7 were unsupported by material and substantial evidence. Under the rule in *State ex rel. Adams Transp., Inc. v. Washington Pub. Serv. Comm'n*, 54 Wn.2d 382, 340 P.2d 784 (1959), the fact that competitors may be injured is not a relevant factor in determining whether a permit will be granted. (This case has been overruled by the 1963 amendment to RCW 81.80.070, but was in effect when this case was heard.)

Respondents' evidence only shows that local cartage was in some cases a percentage of their gross income and that they worked at less than 100 per cent capacity. They conclude (as did the trial court) from this that, as local cartage is essential to their well-being, its loss would cripple their operation to the detriment of the shipping public. However, there was no showing by the respondents that they would lose a substantial portion of their business if Lile entered the field. It was respondents, in fact, who argue that Lile had no prospects for use of their service. More importantly, it was not demonstrated to the commission that loss of local cartage would cause a loss of profits. For all we know, local cartage is not a very lucrative part of

respondents' business. As RCW 81.80.070 points out, it is a discretionary matter for the commission to decide whether the public will be injured. In light of the respondents' failure to produce sufficient proof that their operations would be injured to the point where they could not properly serve the shipping public, we feel the commission was well justified in finding no injury to the public.

The judgment is reversed with direction to reinstate the Washington Utilities and Transportation Commission's order of December 5, 1962, granting additional common carrier permit rights to Lile, Inc.

ROSELLINI, C. J., HILL, OTT, and HALE, JJ., concur.

April 7, 1966. Petition for rehearing denied.